IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BRIAN SCANLON,

    Plaintiff,                                No. CIV S-09-2808 LKK CKD P

    vs.

D.K. SISTO, et al.,

    Defendants.                   ORDER

/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. On June 29, 2010, the court ordered that service was appropriate for eight defendants, including Sisto, Scavetta and Wong, all of whom were employed at California State Prison-Solano (CSP-Solano), where the alleged violations occurred. The summonses for those three defendants were returned unexecuted on November 19, 2010. The reason for the failed service as to each was noted as "per CSP Solano – retired" and "per CDC locator – none." See Docket No. 30. In keeping with its usual practice, the court ordered plaintiff to inquire on his own behalf and supply the information necessary to serve Sisto, Scavetta and Wong. See Order at 1 (Docket No. 32). The court stated that "[i]f access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention." Id.

        Since that order, plaintiff has filed a motion wherein he states that "I had requested said information from [the California Department of Corrections and Rehabilitation

1

(CDCR)] some time ago," and "CDCR has ignored my formal request" for information.  See Motion (Docket No. 36).  Although it is not entirely clear what avenues plaintiff tried to take with CDCR, the court will make good on its statement that plaintiff may seek judicial intervention after a good faith attempt to obtain the information himself.  However, the court will not require the defendants who have appeared in this case to disclose publicly any contact information for Sisto, Wong and Scavetta, should they know it or find it.  Instead, the court will direct defendants to respond to this order under seal.  See 28 U.S.C. § 1651.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for the address or location of defendants (Docket No. 33) and for a court order requiring defendants to provide service addresses (Docket No. 36) are granted in part and denied in part.

2.  Defendants Singh, Picco, Fox, Sandy and Flores, acting through their counsel, have fourteen days from the entry of this order in which to inform the court whether they are able to provide, after a reasonably diligent inquiry with the CDCR or other resources, the current addresses of defendants D.K. Sisto, R. Wong and C. Scavetta.  If defendants obtain that information within the next fourteen days, they shall provide it to the court, through their counsel, under seal.  If they are unable to obtain that information, their counsel shall provide a status report, also under seal, describing (1) the extent and nature of their attempts to obtain the necessary information and (2) whether they expect to be able to obtain the information in a reasonable time upon further good faith inquiry.

Dated: September 28, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
scan2808.ord