IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BRIAN SCANLAN,

        Plaintiff,                    No. CIV S-09-2808 LKK CKD P

    vs.

D.K. SISTO, et al.,

        Defendants.         ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. R. ("Local Rule") 302(21) ("All actions in which all plaintiffs or defendants are proceeding in propria persona").

       On January 10, 2012, the Magistrate Judge filed Findings and Recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty-one days.  Neither party has filed objections to the Findings and Recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, this court finds the following Findings and Recommendations to be supported by the record and by the Magistrate

1

Judge's analysis: the denial of the motion to dismiss Claim VI; and the denial of the motion to dismiss the complaint based upon qualified immunity.

However, the court declines to adopt the findings and recommendations granting defendants' Rule 12(b)(6) motion to dismiss Claims I and II for failure to state a claim upon which relief can be granted.[1]  The recommended dismissal of these claims is based upon the truth and accuracy of a prison "incident report" apparently prepared by the prison authorities. Findings and Recommendations (Dkt. No. 54) at pp. 4-5.

## I.    THE COMPLAINT

On June 24, 2008 a race riot between black inmates and white inmates broke out in a gymnasium at the facility where plaintiff, who is white, was incarcerated.[2]  Although the defendants, prison authorities, knew that the riot was brewing, they took no action, and simply "wait[ed] outside the gym for the riot to happen."[3]

Plaintiff fought in the riot, but only in order to defend himself.[4]  Weapons were used in the riot, placing plaintiff in danger.[5]  The prison authorities charged plaintiff with participation in a riot, and placed him in "administrative segregation."[6]

Plaintiff challenged his release from administrative segregation into "Facility 2," on the

////

---

[1] Claims I, II and VI survived the court's initial screening.

[2] Complaint at p.7, Facts 1, 5 and 11 (allegation of race riot); p. 10, Claim I (same); p. 8, Fact 6 (allegation of plaintiff's race).  Plaintiff, proceeding pro se, has organized his complaint into "Facts" (numbered 1 through 11), and "Causes of Action" (numbered I through VI).  The page numbers refer to the page numbers assigned by the court's CM/ECF system.  The allegations are taken as true solely for the purpose of this motion to dismiss.

[3] Complaint at p. 7, Facts 3 & 4.

[4] Complaint at p.8, Fact 5.

[5] Complaint at p.7, Fact 5.

[6] Complaint at p.8, Facts 5 & 6.

grounds that he would be attacked by the black inmates there.[7] He therefore asked to be released to "<u>any</u> other facility."[8] Nevertheless, defendants released plaintiff into Facility 2.[9] He was the only white inmate to be released there, and he was "immediately attacked and hit over the head repeatedly with a cane," and beaten so badly that he nearly died.[10]

Plaintiff alleges civil rights claims arising from defendants' alleged deliberate indifference in failing to protect him from known harm, causing him to be attacked, and causing him to suffer serious injury.

## II. THE EXHIBITS

The incident reports on which the Findings and Recommendations are based, are included in the 230-plus pages of exhibits which the plaintiff, proceeding pro se, attached to his complaint.[11] Defendants correctly argue that the court may consider a "written instrument" that is attached to the complaint in determining whether the plaintiff can state a claim. Fed. R. Civ. P. 10(c); <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir.) (court may consider a "written instrument" attached to the complaint "in determining whether the plaintiff can prove any set of facts in support of the claim"), <u>cert. denied</u>, 484 U.S. 944 (1987).

It is not entirely clear that a prison incident report is the type of "written instrument" that

////

---

[7] Complaint at p.8, Fact 6.

[8] <u>Id.</u> (emphasis in text).

[9] <u>Id.</u>

[10] <u>Id.</u> The court infers from the remainder of the complaint that this assault occurred on September 24, 2008, but that is not at all clear from the complaint. <u>See</u> Complaint at p.3, Fact 11.

[11] The exhibits include administrative appeals, rules violation reports, incident reports, documents relating to administrative segregation, and medical reports. Although plaintiff does not explain his reason for attaching these documents to the complaint, the court notes that they are what might be expected in an administrative appeal. Of course, this is not an administrative appeal, and these documents are not to be considered in the way they might be on such an appeal.

1   is properly attached to a complaint in the first place.[12]  The principal role of Rule 10(c) is to

2   bring to the court's attention written instruments that form the basis for the plaintiff's claims.

3   See, e.g. Coos County Board of County Com'rs v. Kempthorne, 531 F.3d 792, 811 n.14 (9th

4   Cir. 2008) (attaching challenged environmental review to the complaint); Hal Roach Studios,

5   Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 & n.19 (9th Cir. 1990) (district court

6   properly considered "a copy of the 1972 assignment" which was "attached to appellant's

7   counterclaim as an exhibit," and was the basis for Count 4 of the counterclaim).  Here, the

8   incident reports do not form the basis of plaintiff's civil rights complaint.  The basis for

9   plaintiff's complaint is defendants' alleged actions, or alleged failure to act.

10      Even if the 230-plus pages of exhibits qualified under Rule 10(c), their submission with

11  the complaint does not permit the court to assume the truth of the matters asserted there.  The

12  Second Circuit gives the following excellent summary of the role of Rule 10(c):

> Both the district court and the defendants assume that Rule 10(c) requires a plaintiff to adopt as true the full contents of any document attached to a complaint or adopted by reference.  This is not a proper reading of the rule.  Courts have found that, "[i]f the appended document ... reveals facts which foreclose recovery as a matter of law, dismissal is appropriate," Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) (prospectus attached to complaint alleging bond purchase based on material misrepresentations).  An appended document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is (or, in the absence of a descriptive allegation, that it is what it appears to be).  For example, a written contract appended to the complaint will defeat invocation of the Statute of Frauds, and a document that discloses what the complaint alleges it concealed will defeat the allegation of concealment.  By the same token, however, a libel plaintiff may attach the writing alleged in the complaint to be libelous without risk that the court will deem true all libels in it.  Similarly, a receipt for goods, alleged in the pleading to have been forged, may or may not evidence forgery on its face, but it

---

[12] See, e.g. Montgomery v. Buege, 2009 WL 1034518 at *4 (E.D. Cal. April 16, 2009) (Shubb, J.) ("These exhibits do not form the basis of the claims alleged in the Complaint, and in fact, the Complaint itself makes no reference to them.  The exhibits are thus 'not "written instruments" within the meaning of Rule 10(c) ... but rather are in the nature of evidence submitted to bolster [ ] allegation[s]' contained in the Complaint"); Asis Internet Services v. Optin Global, Inc., 2006 WL 2792436 at *6 (N.D. Cal. September 27, 2006) (regarding a declaration attached to the complaint, the court states, "Because the declaration is not a written instrument at issue in this litigation, the self-serving statements included therein do not bind Plaintiff").

does not concede delivery of goods for pleading purposes.
Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2nd Cir. 1995); see also, Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 455 (7th Cir. 1998) ("[t]o conclude summarily ... that letters written by Century Center represent the truth with regard to the defendants' intent simply because NIGOS attached them to its complaint for reasons unrelated to their truthfulness is inappropriate").

Plaintiff does not explain why he attached the materials he did.  But the court may not assume that he accepts as true every assertion in every document in over 230 pages of exhibits.[13]  Certainly, there is no reason to assume plaintiff accepts as true the assertions of the incident reports that contradict the allegations of his complaint.

It is true that the court may reject allegations of the complaint that contradict matters "properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988, as amended, 275 F.3d 1187 (9th Cir. 2001).  But what this means is that the court may reject what the plaintiff says about the report, because the court can see for itself what the report says.  For example, if plaintiff had alleged that the incident report stated that the prison authorities all deliberately stood by, took no action, and allowed the riot to occur, the court could reject that allegation, if the incident report did not so state.  However, the court cannot summarily reject plaintiff's allegations that in fact the prison authorities took no action, regardless of what the incident report says.

Thus, while the court can note that the prison authorities wrote a report asserting that defendants did everything possible to prevent the race-riot and protect plaintiff, it cannot accept the prison authorities' possibly self-serving statements as true on a Rule 12(b)(6) motion to

---

[13] Indeed, the practice of attaching reams of documents to a complaint usually does not aid the court in any way, and instead "needlessly complicates challenges to the sufficiency of pleadings." Montgomery v. Buege, 2009 WL 1034518 at *4 (E.D. Cal. April 16, 2009) (Shubb, J.) (striking attached exhibits which "do not form the basis of the claims alleged in the Complaint").

1  dismiss.  This is especially so when the statements directly contradict the allegations of the
2  complaint, as they do here.  Doing so would improperly blur the distinction between a
3  Rule 12(b)(6) dismissal motion and a Rule 56 motion for summary judgment.[14]  Whether the
4  prison authorities did all they could to prevent the riot, and to protect plaintiff, is a matter for
5  summary judgment or trial, not for a Rule 12(b)(6) dismissal.[15]

       Accordingly, IT IS HEREBY ORDERED that in regard to the Motion To Dismiss (Dkt. No. 19) and the Findings and Recommendations (Dkt. No. 54):

    1.    The following Findings and Recommendations are adopted in full:

        a.    The denial of defendants' motion to dismiss Claim VI; and

        b.    the denial of the motion to dismiss the complaint based upon qualified immunity.

    2.    The court declines to adopt the Findings and Recommendations granting defendants' Rule 12(b)(6) motion to dismiss Claims I and II for failure to state a claim upon which relief can be granted.

    3.    This matter is returned to the Magistrate Judge for further proceedings not inconsistent with this order.

IT IS SO ORDERED.

DATED: March 27, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[14] In addition, Rule 10(c) must be distinguished from the "plausibility" standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as there is nothing in that case that permits the court to consider evidentiary material in deciding whether a claim is "plausible."

[15] Defendants' motion reads like a motion for summary judgment.  They include a statement of "Material Facts" that purports to cite allegations from plaintiff's complaint ("Pl's Compl."), but which in fact cites evidentiary material contained in the exhibits attached to the complaint.  Indeed, defendants' motion contains only one reference to the allegations of the complaint, namely, the allegation that plaintiff was placed in administrative segregation after the first riot.  Motion To Dismiss at p.3 (Dkt. No. 19-1).  This order does not preclude the Magistrate Judge from converting the motion into one for summary judgment, but in that case, plaintiff must be afforded the protections of Fed. R. Civ. P. 12(d).